40881. ALLSTATE INSURANCE COMPANY v. WALKER.

DECIDED FEBRUARY 2, 1965.

*Gambrell, Harlan, Russell & Moye, E. Smythe Gambrell, Edward W. Killorin, John K. Train, III,* for plaintiff in error.

*E. T. Hendon, Jr.,* contra.

BELL, Presiding Judge. The insurance contract in question is a homeowner's policy offering various types of coverage including the one involved here of theft of "Unscheduled Personal Property." The premises and property insured are identified as being at "652 Park Lane, Decatur, Georgia." There is no other descriptive account of property insured. Section 11 of the policy expressly states that "the only premises where an insured maintains a residence are at the location of the property shown above."

Coverage C, which is the unscheduled personal property provision, declares that "1. *On Premises:* This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling, owned, worn or used by an insured,

while on the premises. . . 2. *Away From Premises*: This policy also covers unscheduled personal property as described and limited, while elsewhere than on the premises, anywhere in the world, owned, worn or used by an Insured. . ."

Another applicable condition of the policy is as follows: *"Exclusions applicable to property away from described premises*: This policy does not apply as respects this peril to loss away from the premises of: (a) property while in any dwelling or premises thereof, owned, rented or occupied by an Insured, except while an Insured is temporarily residing therein."

The Supreme Court quoting and citing *North British &c. Ins. Co. v. Tye*, 1 Ga. App. 380 (58 SE 110), with approval has stated that "insurance is a matter of contract. An insurance policy is a contract of indemnity for loss, and the intention of the parties, if it can be ascertained, must determine the sense in which the terms employed are used. This intention of the parties must be sought for in accordance with the true meaning and spirit in which the agreement was made and expressed in the written instrument, and the ordinary and legal meaning of the words employed must be taken into consideration." *American Cas. Co. v. Fisher*, 195 Ga. 136, 139 (23 SE2d 395, 144 ALR 533).

From the above excerpts of the policy it is evident that the insurance coverage extended only (1) to the unscheduled personal property which was usual or incidental to the occupancy of the Park Lane premises as a dwelling or owned, worn or used by an insured while on the premises, and (2) to that property owned, worn or used by an insured in a manner usual or incidental to the occupancy of the Park Lane residence. If the property stolen meets those criteria, the loss is covered wherever it might have occurred. On the other hand the quoted exclusionary provision makes it clear that no coverage exists for other property the use of which is usual or incidental to the occupancy of a dwelling separate from the Park Lane property "except while an insured is residing therein."

The petition of the insured affirmatively alleges that on or about August 29, 1963, he was the owner of a "house trailer" which was placed on his lot at Lake Lanier in Forsyth County, Ga., and on that date some person or persons unknown to him

broke into the trailer by breaking in the door and stole certain listed personal property located therein. It was alleged that the stolen property was covered by the policy as unscheduled personal property. At the trial the insured testified to the above and when asked what use he made of the trailer replied "Just weekend place . . . primarily a recreational facility." The insured testified that he was not at the trailer at the time of the theft. There is no evidence that any other insured was at the trailer at the time of the theft nor is it claimed that any other insured was present.

In the light of the clear provisions of the policy coupled with the forthrightness of the pleadings and the evidence, it becomes obvious that the determining factor in the cause must be the resolving of the legal status of the "house trailer."

Was the house trailer a "dwelling" separate and distinct from the Park Lane address to the extent that property kept there would be property the use of which would be usual or incidental to occupancy of the trailer? If so, the clear exclusionary provisions of the policy precluded coverage of the property stolen from the trailer since the property would have been stolen while in a dwelling owned by the insured while no insured was temporarily residing there.

The words "house trailer" have been defined as "a trailer that can be used as living quarters." Webster's New International Dictionary, 3d Ed., 1961. A dwelling is: "a building or other shelter in which people live." Webster's New Collegiate Dictionary, 7th Ed., 1963. As we view the term, a house trailer is simply a mobile home. It is as much a dwelling as any home which is built on a foundation and therefore is not mobile. To say that a house trailer is not a dwelling is to fictionalize a reality. They are used and intended to be used as homes, and are as much dwellings as any similar sized structures can be. They differ from the ordinary house only in respect to the ease with which they can be moved. A house trailer may be a dwelling even while in motion. All of this is today a matter of common knowledge. See *Kimsey v. City of Rome,* 84 Ga. App. 671 (67 SE2d 206), where a house trailer there described was held to be a dwelling within the purview of a zoning ordi-

nance of the City of Rome. "A loft, situated over a coach house and stables, and converted into lodging rooms, has been held to be a dwelling house." *McLane v. State*, 4 Ga. 335, 339.

When viewed in the light of the homeowner's insurance policy in this case, the house trailer belonging to the insured but located outside the curtilage of the property identified in the policy is a dwelling not included in the coverage of the insurance contract. See the case of *North British &c. Ins. Co. v. Tye*, 1 Ga. App. 380, supra, where insurance policies were held not to include a servant's house within the curtilage and only 150 feet away from the residence insured.

There is much evidence in the record directed to the point as to whether the house trailer was affixed to the realty. However important that fact might be in other aspects of legal relations, as to the issue involved in this case the matter is completely irrelevant and immaterial.

The pleadings and the evidence in this case show conclusively that the house trailer from which the property was stolen was a dwelling owned by the insured. It was a dwelling separate and distinct from the dwelling covered by this homeowner's policy. The house trailer and its contents were not identified or covered by the policy. Under the circumstances, a verdict for the insurer was demanded as a matter of law.

The judgment of the trial court is reversed on the general grounds.

It is unnecessary for us to consider the other assignments of error.

*Judgment reversed. Jordan and Eberhardt, JJ., concur.*