185 So.2d 310 (1966)
John W. BRYAN, Jr., and Jerrye Mirandona Bryan,
v.
GRANITE STATE INSURANCE COMPANY.
No. 2134.
Court of Appeal of Louisiana, Fourth Circuit.
April 4, 1966.
*311 John F. Caraway, New Orleans, for plaintiffs-appellants.
Bienvenu & Culver, Ernest L. O'Bannon, New Orleans, for defendant-appellee.
Before REGAN, SAMUEL and HALL, JJ.
HALL, Judge.
John W. Bryan, Jr., brought suit on a "Homeowner's Policy" issued by Granite State Insurance Company seeking to recover for an alleged loss by theft from a rented apartment in the City of New Orleans of a number of articles of unscheduled personal property. He prayed for judgment against the defendant insurance company in the sum of $2,714.25 together with interest thereon, and also for statutory penalties and attorney's fees. Defendant answered denying coverage under the policy, and alternatively averred that the policy's maximum limit for such a loss was the sum of $1,000.00. During the progress of the trial, when it developed that some of the missing articles were the separate property of Bryan's wife, Mrs. Jerrye Mirandona Bryan, she was made a co-plaintiff by stipulation of the parties. Trial on the merits resulted in a judgment dismissing plaintiff Bryan's suit (purely by inadvertence the Trial Judge neglected to dismiss the suit as to Mrs. Bryan). Both Mr. and Mrs. Bryan appealed.
The loss of the articles by theft is fully proved and is undisputed. The issue presented is whether the policy affords coverage for the loss, and, if so, whether the maximum policy limit for such loss is $1,000.00.
The policy sued upon is a "Homeowner's Policy" insuring Bryan and the premises which are described in the policy as follows:
"John W. Bryan, Jr., on the old Slidell Road about 1 mile from Lacombe, Lacombe, St. Tammany Parish, Louisiana."
The articles of jewelry, clothing, etc. belonging to Mr. and Mrs. Bryan were not stolen from the Lacombe property described in the policy but from an apartment in the Pontalba Building in the City of New Orleans which the Bryans held under lease. The policy issued by defendant to Bryan covers the loss of unscheduled personal property by theft from the premises described therein and elsewhere, but contains the following exclusion applicable to loss by theft which is pertinent hereto:

"Exclusions applicable to property away from the described premises: This policy does not apply as respects this peril to loss away from the premises thereof, owned, rented or occupied by an insured, except while an insured is temporarily residing therein * * *." (Emphasis supplied.)
*312 The facts of this case are undisputed and were established by the Bryans themselves (defendant produced no witnesses). The facts are briefly as follows:
Mr. and Mrs. Bryan owned a home at Lacombe which was their permanent place of abode and which is designated in the policy as "the premises" covered thereby. Mr. Bryan commutes daily to New Orleans where he maintains his law office, and returns to Lacombe at night.
Both Mr. and Mrs. Bryan grew up in New Orleans and formerly lived in the city where they have many friends and acquaintances. In order to maintain contact with their friends they desired a place in the city "to stay overnight from time to time." They endeavored to rent an apartment in the Pontalba Building but none of the better apartments were available and there was a long waiting list. The building management advised them that in order to obtain a good position on the waiting list it would be advisable for them to get into the building by taking a small apartment until a vacancy occurred in a more desirable one. With this in mind the Bryans entered into a verbal lease of an attic apartment which they described as only a "camp".
The Bryans used the apartment only as a place to spend the night from time to time when they came into the city for social gatherings or to go to the theater. This happened at most only once or twice a week.
Sometime during the period March 16, 1964 through March 20, 1964 when the apartment was vacant and the Bryans were actually at their home in Lacombe, the apartment was burglarized resulting in the loss herein sued upon. The loss was discovered by Mrs. Bryan when she came to the apartment in the late afternoon or early evening of March 20 and found the apartment door had been broken down. Neither Mr. Bryan nor his wife had been in or near the apartment since March 16.
Defendant takes the position that the policy exclusion is clearly applicable under the facts of this case, since the apartment was vacant at the time of the loss and the insured was not "temporarily residing therein."
Plaintiffs contend that the apartment was rented on a temporary basis only (a fact not disputed by defendant); that the apartment was a "temporary residence" and that the policy covers "temporary residences."
The policy exclusion is plain and free from ambiguity. The policy does not cover temporary residences per se and in all events. It covers thefts from premises other than the described premises only "while an insured is temporarily residing therein." To hold that the policy covers temporary residences per se, as plaintiffs contend, would be to read out the plain and unequivocal language of the policy, and to read into it something that is not there at all.
We shall not attempt to define the phrase "residing in." Its meaning is plain. A person who maintains a permanent abode in New Orleans may own or lease a "temporary residence" on the Gulf Coast which he occupies during the summer months, but he cannot be said to be "residing therein" at a time when he is not occupying the place but is living in the home in New Orleans. As a matter of fact a person may have several cottages, camps or other places of residence in addition to the premises described in the policy which he may occupy from time to time, but he cannot "reside in" all of them at the same time.
Under the facts of this case we cannot hold that the Bryans were "temporarily residing" in the apartment when the theft occurred. They had not visited the apartment for at least four days and were "residing" at Lacombe at the time. We do not hold, nor does defendant contend, that in order to recover under the policy the Bryans must have been physically present in the apartment at the time of the burglary. *313 If the theft had occurred on one of the nights when they were staying over at the New Orleans apartment to attend a party or other function at a friend's home there would have been coverage even though they had been absent from the apartment at the time the burglar entered it. They would have been "residing in" the apartment, though not physically present. In the same manner Bryan may be said to reside at Lacombe although he spent the working hours of each day tending to his law practice in New Orleans.
Plaintiffs also assign as error the refusal of the Trial Judge to admit evidence concerning a payment by the insurer to the Bryans for a prior loss sustained by them during the policy term. Plaintiffs contend that the evidence was admissible "to explain the insured (sic) construction of the ambiguous provisions of the insurance contract which it had written." The ruling of the Trial Judge excluding this testimony was correct. There is no ambiguity in the exclusion clause which is the only part of the insurance contract pertinent to this case.
Moreover the evidence proffered would have served no purpose since the prior loss was of a gold brooch which mysteriously disappeared, as the record reveals, while the Bryans were occupying the apartment. The exclusion clause was clearly inapplicable to this loss and payment obviously was made because such loss was not excluded from coverage.
We are told that there are no Louisiana cases construing language similar to the language contained in the exclusion clause. This is not surprising to us since the exclusion clause is too plainly worded to warrant any controversy except as to factual issues. Defendant however cites two cases from other jurisdictions, one from Alabama (Utica Mutual Insurance Company v. Barber, 41 Ala.App. 552, 139 So.2d 126) and one from Georgia (Allstate Insurance Company v. Walker, 111 G.App. 120, 140 S.E. 2d 910) each of which denied coverage under similar worded exclusions because at the time of the losses neither the insured nor any member of his household was staying at the burglarized premises.
For the reasons assigned we are of the opinion that the Trial Judge was correct in denying recovery in this case. However in order to complete the judgment appealed from and to leave no loose ends, it is ordered that the judgment appealed from be and it is hereby amended so as to dismiss this suit as to Mrs. Jerrye Mirandona Bryan as well as to John W. Bryan, Jr., and as so amended and in all other respects the judgment appealed from is affirmed; costs of this appeal to be borne by plaintiffs-appellants.
Amended and affirmed.