■ WILLIAM F. KALETTA, Respondent, v. MERCHANTS MUTUAL INSURANCE COMPANY, Appellant, et al., Defendant.— HERLIHY, J. Appeal by the defendant insurance company from an order of the Supreme Court at Special Term, which granted plaintiff's motion for summary judgment, and from the judgment entered thereon. The relevant facts are undisputed. The plaintiff resided in his dwelling house at Clifton Park and also owned a camp at Schroon River. Between October 3, 1966 and October 15, 1966 personal property having a value of $810 was stolen from the camp. The plaintiff was the policyholder of a so-called " homeowners policy " issued by the appellant which, among other things, insured against the loss of personal property. The appellant insurance company disclaimed coverage under the policy on the grounds that the insured was not " residing temporarily " in the camp at the time of the theft. The relevant provisions of the policy are: " PROPERTY AND INTERESTS COVERED * * * Coverage C — Personal Property on the Premises: All personal property owned, worn or used by the Named Insured and members of the Named Insured's family of the same household. This coverage applies only while such property is located on the premises of the described dwelling. * * * Coverage D — Personal Property Away From the Premises: Property covered under Coverage C * * * while elsewhere than on the premises of the described dwelling, anywhere in the world." " LIMITATIONS OF COVERAGE Under Coverage C or D this Company shall not be liable: (a) for loss by theft in or to any other dwelling, or property on the premises thereof, owned or rented by the Insured or a member of his family residing with him, *except when in actual use as his or their temporary residence* ". (Emphasis added.) To recapitulate, the plaintiff owns two dwellings, one of which is designated as the " described dwelling " and the other of which is not described in the policy, but simply referred to for purposes of personal liability insurance. As to the per-

sonal property of the plaintiff, the policy covers the same while located "on the premises of the described dwelling" (Coverage C) or that *same property* while located elsewhere (Coverage D). When that property is located at dwelling premises somewhere other than the described dwelling (Coverage D), the loss is covered only when the premises are in actual use as a temporary residence. Both the plaintiff and the appellant moved for summary judgment based on the terms of the policy and Special Term granted judgment in favor of the plaintiff-respondent. In the present posture of the case, there has been no resolution of the inherent questions as to whether or not the stolen property was in fact that property insured under Coverages C and D. The defendant moved for summary judgment upon the ground that the Schroon River dwelling (camp) could not be in *actual use* as a *temporary residence* when the plaintiff is also residing in his apparent permanent residence. The issue presented to Special Term and again in this court for determination is whether as a matter of law the premises — camp at Schroon River — constituted a "temporary residence" within the meaning and contemplation of the insurance policy. If it should be so found, the secondary issue is whether the said residence was "in actual use". The policy does not exclude coverage of personal property solely upon the basis that the loss occurred at a dwelling owned by the insured but not designated as a described premise. Accordingly, the court must determine what the facts are as to the use of the Schroon River property as a residence and if such use was temporary, then whether or not it was in actual use as such at the time of the loss. In this regard, "actual use" does not mean physically residing therein at the time of the loss. The affidavit of the attorney' for the plaintiff (while not per se usable as a basis for summary judgment) in referring to the occupancy of the camp stated: "[H]e [plaintiff] and his family spent considerable time whenever possible throughout the year." Such a statement might mean different things to different people. In the plaintiff's brief it is conceded that the phrase "actual use" is susceptible to several different meanings which so far as the present litigation is concerned, taken with the affidavit, creates a factual issue to be determined at a trial. It seems hardly necessary to observe that in finding a factual issue we do not reach the merits. Judgment and order reversed, on the law and the facts, and motion denied, without costs. Gibson, P. J., Herlihy, Aulisi, Staley, Jr., and Gabrielli, JJ., concur in memorandum by Herlihy, J.