**VANGUARD INSURANCE COMPANY,**
Appellant,

v.

**Harry M. STANFIELD, Appellee.**

No. 17306.

Court of Civil Appeals of Texas.

Dallas.

May 23, 1969.

Rehearing Denied June 20, 1969.

John L. Shook, of Locke, Purnell, Boren, Laney & Neely, Dallas, for appellant.

Paul H. Stanford, Dallas, for appellee.

DIXON, Chief Justice.

Appellee Harry M. Stanfield brought this action against appellant Vanguard Insur-

ance Company to recover under the terms of a Texas Standard Fire Insurance Policy with Home Owners Broad Form. The suit seeks recovery for the loss of personal property due to theft.

The cause was tried before the court without the intervention of a jury. The court rendered judgment in favor of appellee for the sum of $1,588.33 for each of two losses.

The facts are undisputed. The only question to be decided is this: is the loss suffered by appellee covered under the "Off Premises Coverage" provisions of the policy. We have concluded that the loss is not so covered and that the judgment of the trial court should be reversed and judgment rendered in favor of appellant.

The home of appellee and the premises described in the policy are 3521 Arrowhead Drive, Dallas, Texas. The thefts occurred from property owned but not resided in by appellee at 8827 Inwood Road in Dallas.

The provision in the policy for off premises coverage relied on by appellee is as follows:

"COVERAGE B— * * *

OFF PREMISES COVERAGE— Subject to the provisions and conditions of this policy and the exclusions and limitations therein, Coverage B also covers, as additional insurance, unscheduled personal property (except property usually rented to others) owned, worn or used by the Insured, including members of his family of the same household, anywhere in the world."

The exclusion provision relied on by appellant is as follows:

"EXCLUSIONS (Applicable to Property Insured under Coverages A and B and Perils Insured Against)—

This insurance does not cover:

\*      \*      \*      \*      \*      \*

f.  Loss by:

(1) theft, larceny, burglary, robbery, or attempts thereat, or by mysterious disappearance, of:

(a) personal property while in or on, or on the premises of, any dwelling (other than the described dwelling) owned, rented or occupied by an Insured, except while an Insured is temporarily residing therein."

The judgment signed by the trial judge includes findings and conclusions as follows:

" \* \* \* the alleged theft, larceny, burglary, robbery or attempts thereat or a mysterious disappearance of the personal property alleged in Plaintiff's Original Petition occurred while said personal property was in or on the premises owned by the plaintiff at 8827 Inwood Road, Dallas, Texas, which was at a dwelling other than the described dwelling in the policy of insurance sued upon by the plaintiff, and at the time of said occurrence 8827 Inwood Road was not a place where the plaintiff was temporarily residing therein and by virtue of such fact findings the court concludes that the PERILS INSURED AGAINST—EXCLUSION f(1) (a)—is applicable and the plaintiff is not entitled to recover on his pleading of temporary residence, but the court concludes that the plaintiff is entitled to recover under the policy of insurance written by the defendant by virtue of the OFF PREMISES coverage under COVERAGE B \* \* \*."

In three points of error appellant asserts that the court erred (1) in holding that the exclusion provision designated as "f" did not prevent appellee from recovering; (2) in ignoring the exclusions from Coverage B; and (3) in entering judgment for appellee after finding that appellee was not "temporarily residing" in the property at 8827 Inwood Road.

In reply to the above points appellee presents only one counterpoint: that the policy is ambiguous with regard to the provisions above quoted, therefore the policy should be interpreted in favor of the insured.

We do not disagree with appellee's statement of abstract law to the effect that in cases of ambiguity insurance policies are to be interpreted in favor of the insured. But in this case there is no ambiguity.

By its express terms "Off Premises Coverage" is made a part of "Coverage B." By its express terms it is also made subject to the provisions and conditions of the policy and the exclusions and limitations therein.

The exclusion provision relied on by appellant is plain. By express terms it is made applicable to Coverage B. Also by its express terms it excludes recovery for theft from premises other than the dwelling described in the policy except while an insured is temporarily residing therein.

The theft occurred from premises known as 8827 Inwood Road, which premises are not those described in the policy. The court found as a fact that the insured was not temporarily residing at 8827 Inwood Road at the time of the theft. We see no ambiguity in the policy provisions. We think that the plain terms of the policy exclude the theft of appellee's property from 8827 Inwood Road.

We know of no Texas cases exactly in point and none has been cited to us. But persuasive opinions favorable to appellant's contentions by courts in other jurisdictions involve insurance policies worded almost identically like the one before us. These cases are: Kaletta v. Merchants Mutual Ins. Co., 31 A.D.2d 689, 295 N.Y.S.2d 850 (1968); Newman v. Ins. Co. of North America, 4 Conn.Cir. 479, 236 A.2d 101 (1967); Bryan v. Granite State Ins. Co., 185 So.2d 310 (La.App., 1966); Allstate Ins.

Co. v. Walker, 111 Ga.App. 120, 140 S.E.2d 910 (1965); * Utica Mutual Ins. Co. v. Barber, 41 Ala.App. 552, 139 So.2d 126 (1962).

Appellant's points are sustained.

The judgment of the trial court is reversed and judgment is here rendered that appellee take nothing against appellant.

Reversed and rendered.

* On a second appeal by Allstate Ins. Co. the judgment of the trial court was again reversed. Allstate Ins. Co. v. Walker, 114 Ga.App. 732, 152 S.E.2d 895 (1966).