BERNARD W. SPRINGMAN et al., Plaintiffs-Appellees, v. PACIFIC INSURANCE COMPANY OF NEW YORK, Defendant-Appellant.

(No. 70-129;

Fifth District—May 5, 1972.

Hoagland, Maucker, Bernard & Almeter, of Alton, (James K. Almeter, of counsel,) for appellant.

Schlafly, Godfrey & Fitzgerald, of Alton, (R. Emmett Fitzgerald, of counsel,) for appellees.

Mr. PRESIDING JUSTICE GEORGE J. MORAN delivered the opinion of the court:

Defendant appeals from a judgment of the Circuit Court of Madison County in favor of the plaintiffs in the amount of $1228.98.

The plaintiffs brought this action upon a homeowner's insurance policy, issued by the defendant, to recover damages for loss of unscheduled

personal property by theft. The policy of insurance was purchased by the plaintiffs, Bernard W. Springman and Harriett D. Springman, from the defendant, Pacific Insurance Company, for a period January 24, 1965 to January 24, 1968. The plaintiffs lived in a home in Alton, Illinois, and also owned a seasonal dwelling which was located near Shipman, Illinois. In January and again in April of 1967, the plaintiffs discovered that certain items of personal property had been taken from the seasonal dwelling.

This suit was to recover the fair market value of the stolen property. The case was heard before the court without a jury. One of the plaintiffs, Mr. Springman, testified that he and his family regularly spent almost every weekend at the seasonal dwelling from early spring through late fall, and were also these occasionally during the winter months. The briefs and record did not indicate that there was any testimony that this dwelling was occupied by the plaintiffs or others, temporarily or otherwise, at the time of the thefts.

The sole issue in this appeal is whether the policy of insurance insured against the losses by theft from the seasonal dwelling.

Theft of unscheduled personal property is provided for in Coverage C of the policy which provides coverage in two different respects: First, for property on the insured premises, and secondly, for property away from the insured premises. Although the seasonal dwelling located near Shipman had liability insurance under another portion of the policy, the only specified residence insured against theft of personal property was the Alton residence. Accordingly, for the plaintiffs to recover it must be shown that there was coverage under the terms of the policy pertaining to personal property away from the Alton insured premises. The pertinent portion of the policy provides:

"DESCRIPTION OF PROPERTY AND INTEREST COVERED
Coverage C—Unscheduled Personal Property.

\* \* \*

2. Away from premises: This policy also covers unscheduled personal property as described and limited, while elsewhere than on the premises, anywhere in the world, owned, worn or used by an Insured, or at the option of the Named Insured, owned by a guest while in a temporary residence of, and occupied by an Insured or owned by a residence employee while actually engaged in the service of an Insured and while such property is in the physical custody of such residence employee or in a residence temporarily occupied by an Insured. Property pertaining to a business is not covered.

The limit of this Company's liability for such property while away

from premises shall be an additional amount of insurance equal to 10% of the amount specified for Coverage C, but in no event less than $1,000.

\* \* \*

## PERILS INSURED AGAINST.

This policy insures under Section 1 against direct loss to the property covered (and additional living expense resulting from such loss or loss to the building containing the property covered) by the following perils as defined and limited herein:

\* \* \*

Exclusions applicable to property away from described premises: This policy does not apply as respects this peril to loss away from the premises of: (a) property while in any dwelling or premises thereof, owned, rented or occupied by an Insured, except while an Insured is temporarily residing therein; \* \* \* ."

Although the plaintiffs did frequent the seasonal dwelling during the spring and summer months, there was no evidence to indicate that they were temporarily residing at the dwelling at the time of the loss. It is not necessary that an insured never absent himself from the premises in order to remain a resident thereof. Nevertheless, it is necessary that there be some showing that the insured was temporarily residing at the seasonal dwelling when the loss occurred. (*Reiner v. St. Paul Fire & Marine Insurance Co.*, 106 Ill.App.2d 210, 245 N.E.2d 655.) Accordingly, it is our opinion that the plaintiff has failed to prove loss within the provisions of the policy.

For the foregoing reasons the judgment of the Circuit Court of Madison County is reversed and remanded with instructions to enter judgment in favor of the defendant, Pacific Insurance Company.

Reversed and remanded with directions.

EBERSPACHER and CREBS, JJ., concur.