JOB SANDERS v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY

No. 7421DC12

(Filed 20 February 1974)

Insurance § 142— theft insurance — temporarily residing at apartment

Where insured's permanent residence was in Winston-Salem, insured maintained an apartment in Philadelphia, Pennsylvania, while working there, and property was stolen from insured's Philadelphia apartment while he was in Pittsburgh for a period of five days in connection with his work, insured was temporarily residing at the Philadelphia apartment at the time of the theft within the meaning of a policy provision excluding coverage for theft of property at any location owned, rented or occupied by insured "except while an Insured is temporarily residing thereat" and coverage for the loss was therefore not excluded by such provision.

APPEAL by plaintiff from Alexander, J., 26 March 1973 of FORSYTH District Court. Argued in the Court of Appeals 15 January 1974.

The plaintiff in this case filed a claim with his homeowners insurance carrier for items stolen from his apartment. The carrier denied liability and suit was instituted. All facts were stipulated to by each party. From summary judgment in favor of the defendant, the plaintiff appealed.

The plaintiff and his family were domiciled in Winston-Salem where the plaintiff had been employed by the North Carolina School of the Arts. In 1970, the plaintiff left his employment and started doing free-lance work with several com-

panies as a choreographer. The plaintiff commenced working as assistant artistic director of the Pennsylvania Ballet Company and in September, 1970, rented an apartment in Philadelphia where he lived during the course of his work. He retained his home in Winston-Salem, and his wife and family remained there while the plaintiff was in Philadelphia. In January, 1971, the plaintiff rented another apartment in Philadelphia where he moved his belongings but continued to keep his domicile in Winston-Salem. On 8 April 1971, the plaintiff left Philadelphia and went to Pittsburgh with the Philadelphia Ballet for a five day period. He returned to his apartment in Philadelphia at the end of the five days and discovered the theft. The plaintiff continued to rent his apartment for approximately three months following the theft.

The plaintiff duly filed with his insurance carrier a claim for the loss. Coverage was denied on the grounds that the plaintiff was not temporarily residing at the Philadelphia apartment at the time of the theft. The general exclusionary clause relied on by the defendant reads as follows:

C. Theft exclusion applicable to property away from the described premises: This policy does not apply to loss away from the described premises of: (1) property at any location owned, rented or occupied by an Insured, except while an Insured is temporarily residing thereat . . . .

*William G. Pfefferkorn and Charles O. Peed attorneys for plaintiff-appellant.*

*Hudson, Petree, Stockton, Stockton & Robinson by James H. Kelly, Jr., attorneys for defendant-appellee.*

CARSON, Judge.

All issues of fact having been stipulated to by the parties involved, the only question presented to us is whether or not the trial court correctly applied the law to the exclusionary clause in granting summary judgment for the defendant. Although this is a case of first impression in North Carolina, we are guided by cases construing other provisions of insurance policies. It is a general rule in construction of such policies that ambiguities are to be resolved against the carrier and in favor of the insured. *Trust Co. v. Insurance Co.,* 276 N.C. 348, 172

Sanders v. Insurance Co.

S.E. 2d 518 (1970) ; *Williams v. Insurance Co.*, 269 N.C. 235, 152 S.E. 2d 102 (1967) ; 4 Strong's N. C. Index 2d, Insurance, § 6. The reason for this is that the policies are prepared by the carrier. The insurer does not stand in an equal bargaining position. Since the language of the policy is that of the carrier, it is construed in favor of the insured to resolve the ambiguities. *White v. Mote,* 270 N.C. 544, 155 S.E. 2d 75 (1967) ; *Dildy v. Insurance Co.,* 13 N.C. App. 66, 185 S.E. 2d 272 (1971).

It seems clear from the evidence that the plaintiff was domiciled in Winston-Salem at the time the theft occurred. It seems equally clear that the plaintiff had established a temporary residence in Philadelphia. The question becomes, therefore, whether the plainitff had abandoned his temporary residence in Philadelphia at the time the theft occurred. The defendant concedes that the plaintiff need not be present at the time the actual theft occurs for the policy to provide coverage. The defendant cites and relies on the case of *Bryan v. Granite State Insurance Co.,* 185 So. 2d 310 (La. App. 1966). There, the insured was domiciled in Lacombe, Louisiana, but maintained an apartment in New Orleans where he and his wife stayed overnight when visiting the city for business or social functions. A theft occurred while the insured and his wife were at their home in Lacombe. The Louisiana Court of Appeals denied coverage, stating that the insured was a resident of Lacombe rather than New Orleans at the time the theft occurred. It pointed out that had the theft occurred while the insured and his wife were spending the night in New Orleans, coverage would have applied. Actual physical presence was unnecessary, but coverage was denied where the insured was at his regular home at the time the theft occurred.

Of similar import are the cases of *Reiner v. Insurance Co.,* 106 Ill. App. 2d 210, 245 N.E. 2d 655 (1969), and *Springman v. Insurance Co.,* 5 Ill. App. 3d 604, 283 N.E. 2d 716 (1972). In the *Reiner* case, the plaintiff was a college student who had leased an apartment for 12 months. She did not enroll in summer school and was home with her parents during the summer. When she returned to school in the fall the theft was discovered. In the *Springman* case the plaintiffs owned a vacational, seasonal dwelling. The theft occurred during the winter months when the plaintiffs were at their regular residence. In both cases coverage was denied under a similar exclusionary clause. The court held that the plaintiffs in each case were at their regular

residence rather than their temporary residence and thus there was no coverage.

The facts in the instant case are clearly distinguishable from the holdings in the cited cases. Here, the insured was not at his permanent residence at the time the theft occurred. Rather, he had left his temporary residence for a short period of time and returned at the end of the five days to Philadelphia. At the time the theft occurred, the plaintiff was occupying a room in Pittsburgh, was temporarily residing in Philadelphia, and was permanently residing in Winston-Salem. We therefore hold that the insurance policy provided coverage for the theft in question and that summary judgment should have been granted for the plaintiff. Reversed.

Chief Judge BROCK and Judge MORRIS concur.