127 N.J. Super. 80 (1974)
316 A.2d 74
ERVING W. HEUER, PLAINTIFF,
v.
NEW JERSEY MANUFACTURERS INSURANCE COMPANY, DEFENDANT.
Superior Court of New Jersey, District Court  Essex County.
Decided February 21, 1974.
Mr. Frank P. Minichino for plaintiff (Messrs. Simone & Schwartz, attorneys).
Mr. Richard D. Catenacci for defendant (Messrs. Mc Elroy, Connell, Foley & Geiser, attorneys).
*81 WALSH, P.J.D.C.
Plaintiff brings this action to recover, under the terms of his homeowners' policy, a loss sustained by the theft of his fishing equipment from the home of his aunt in Lanoka Harbor, New Jersey.
The undisputed facts show that plaintiff Erving Heuer maintains his residence at 350 Old Tote Road, Mountainside, New Jersey, and that such residence is the described residence premises covered by his New Jersey Manufacturers homeowners' policy. Heuer testified that on most winter weekends he uses the Lanoka Harbor house owned by his aunt, and that is covered by a homeowners' policy issued to her by another carrier not a party to this lawsuit. He admits that he had not been at the premises for three weeks prior to the theft, and further admits that no other person occupied these premises during the winter months.
The pertinent provisions of the policy in question are:

SECTION 1

DESCRIPTION OF PROPERTY AND INTERESTS COVERED

* * * * * * * *

COVERAGE C  UNSCHEDULED PERSONAL PROPERTY
This policy covers unscheduled personal property usual or incidental to the occupancy of the premises as a dwelling and owned or used by an Insured, while on the described premises and, at the option of the Named Insured, owned by others while on the portion of the premises occupied exclusively by the Insured.
This coverage also includes such unscheduled personal property while elsewhere than on the described premises, anywhere in the world:
1. owned or used by the Insured;

* * * * * * * *
This coverage excludes:

* * * * * * * *
7. business property while away from the described premises

* * * * * * * *
c. Theft Exclusions applicable to property away from the described premises:
This policy does not apply to loss away from the described premises of:
*82 (1) property at any location owned, rented or occupied by an Insured, except while an insured is temporarily residing thereat;

* * * * * * * *
(4) watercraft, their furnishings, equipment * * *
The sole question presented, then, is whether plaintiff was "temporarily residing" in his aunt's premises at the time of the theft.
Diligent efforts by counsel and research by the court itself have failed to uncover the answer to this problem in any reported decision in New Jersey. However, the precise question has been raised in other jurisdictions and it does not remain unanswered.
Bryan v. Granite State Ins. Co., 185 So.2d 310 (La. Ct. App. 1966), is directly in point. The issue raised was whether an apartment in New Orleans used by plaintiffs from time to time when they came to New Orleans for social gatherings or to go to the theater, which happened at most only once or twice a week, was afforded theft coverage at a time when the plaintiffs were not present at the apartment and had not visited the apartment for at least four days. The court answered the precise question raised by the court in the instant case with regard to summer residences and concluded that there was no coverage. The court's cogent reasoning succinctly analyzes the issue in the case at bar. The court stated:
We shall not attempt to define the phrase "residing in." Its meaning is plain. A person who maintains a permanent abode in New Orleans may own or lease a "temporary residence" on the Gulf Coast which he occupies during the summer months, but he cannot be said to be "residing therein" at a time when he is not occupying the place but is living in the home in New Orleans. As a matter of fact a person may have several cottages, camps or other places of residence in addition to the premises described in the policy which he may occupy from time to time, but he cannot "reside in" all of them at the same time.
Under the facts of this case we cannot hold that the Bryans were "temporarily residing" in the apartment when the theft occurred. They had not visited the apartment for at least four days and were "residing" at Lacombe at the time. We do not hold, nor does defendant *83 contend, that in order to recover under the policy the Bryans must have been physically present in the apartment at the time of the burglary. If the theft had occurred on one of the nights when they were staying over at the New Orleans apartment to attend a party or other function at a friend's home there would have been coverage even though they had been absent from the apartment at the time the burglar entered it. They would have been "residing in" the apartment, though not physically present. [at 312]
The Bryan case was recently cited with approval in Reiner v. St. Paul Fire & Marine Ins. Co., 106 Ill. App.2d 210, 245 N.E.2d 655 (App. Ct. 1969):
We agree with the Louisiana Court that the proper construction of the "off premises" exclusion clause is that the insured must temporarily reside in the secondary residence in order to be covered by the homeowners policy insuring the principal residence.
To this effect see also Chalmers v. Oregon Automobile Ins. Co., 500 P.2d 258 (Ore. Sup. Ct. 1972); Springman v. Pacific Ins. Co. of New York, 5 Ill. App.3d 604, 283 N.E.2d 716 (App. Ct. 1972), and Vanguard Ins. Co. v. Stanfield, 442 S.W.2d 488 (Tex. Civ. App. 1969).
The facts clearly indicate that plaintiff's actions do not bring him within the ambit of protection provided by the policy from thefts from a location wherein he could be said to be "temporarily residing."
The policy dictating this exclusion is obvious. The risk of a theft occurring from an unattended home, vehicle or watercraft is appreciably greater. While actual physical presence would diminish the risk even more, the mere fact that people are in and about is usually sufficient to deter a theft. The vacant and vacated premises are an invitation to steal with impunity. The homeowners' policy in question, which is written on a specific residence, is not meant nor understood to cover other residences, except in the limited circumstances while the insured is actually temporarily residing thereat.
Judgment will be entered in favor of the defendant dismissing the complaint.