364 So.2d 44 (1978)
ALLSTATE INSURANCE COMPANY, Appellant,
v.
Eileen GORDON, Appellee.
No. 77-2487.
District Court of Appeal of Florida, Third District.
October 31, 1978.
Rehearing Denied December 4, 1978.
*45 McCormick, Bedford & Backmeyer and Thomas E. Backmeyer, Miami, for appellant.
Walton, Lantaff, Schroeder & Carson and N. James Turner, Miami, for appellee.
Before PEARSON, HENDRY and HUBBART,[*] JJ.
PEARSON, Judge.
The defendant, Allstate Insurance Company, was sued by the appellee policy-holder, Eileen Gordon, upon a homeowner's insurance policy which provided special theft coverage for plaintiff's jewelry. After the presentation of plaintiff's case, both the defendant and the plaintiff moved for a directed verdict. The question presented at this time, on this motion, was whether the plaintiff had proved a prima facie case for recovery under the policy of insurance. The plaintiff, of course, was entitled to all reasonable inferences from the evidence presented. See Chowning v. Pierce, 174 So.2d 42 (Fla.3d DCA 1965). The trial court denied each motion and submitted the case to the jury. The jury returned a verdict for the plaintiff and the insurance company appeals urging as the single point on appeal that the trial court erred in submitting to the jury the issue of whether or not the plaintiff was excluded from coverage based on the facts in the record. The provision of the policy upon which the insurance company claims a right for a directed verdict is an exclusion to the general theft coverage:
"This policy does not apply to loss away from the described premises of:
(1) property while in any dwelling or premises thereof, owned, rented or occupied by an Insured, except while an Insured is temporarily residing therein;"
The declarations of the policy provided:
 "Named Insured: Harold and Eileen Gordon
 Location of
 Property Insured: 5700 Collins Avenue, 8E
 Miami Beach, FL 33140"
During the period of time around the date of the theft, the home located at 8750 North Miami Avenue and owned by the plaintiff was permanently occupied by the plaintiff's mother and invalid sister. The plaintiff and another sister, Nell Glanza, shared the obligation of caring for these two close relatives. The plaintiff and her sister had an arrangement whereby one of the two of them would live at 8750 North Miami Avenue with their mother and sister at all times. The procedure in effect at the time of the theft was that the plaintiff would reside at the 8750 North Miami Avenue address three consecutive days one week and four consecutive days the following week. On these days that she was not scheduled to be there, her sister was; so *46 that one of the two of them was always there. During the time that the plaintiff was taking care of her mother and sister, she spent the night with them so that, again, either the plaintiff or her sister was at 8750 North Miami Avenue at night as well as during the day.
When the plaintiff was not caring for her mother and sister, she lived alone at the apartment at 5700 Collins Avenue, the location described on the Allstate policy.
The North Miami Avenue residence was robbed on Friday, October 15, 1976, a day that the plaintiff's sister, Nell Glanza, was residing at 8750 North Miami Avenue with the plaintiff's mother and sister. The plaintiff was to recommence her three or four day station on Sunday, two days after the theft. The plaintiff could not recall whether the week of the theft was a week she spent four days at the North Miami Avenue home or only three. The plaintiff had turned over to her sister the duty of caring for their relatives on either Thursday, the day before the theft or Wednesday, two days before the theft. The plaintiff's sister had slept at 8750 North Miami Avenue either the night before the theft or the two nights before the theft. The plaintiff had, therefore, slept at the Collins Avenue apartment and stayed at the Collins Avenue apartment either one or two full days and nights by the time the theft occurred on Friday afternoon.
The appellee contends that the trial court correctly submitted to the jury the issue of whether the policyholder was excluded from insurance coverage because the issues before the court involve not only the interpretation of the contract of insurance, but also the question of whether a certain set of facts existed in order to bring the policy-holder's loss within the terms of the policy issued by Allstate Insurance Company. Appellee relies upon State Farm Fire & Casualty Company v. Lichtman, 227 So.2d 309 (Fla.3d DCA 1969), for support on this position. The cited case concerned the entry of a partial summary judgment and held that under the pleadings, depositions, affidavits and answers to interrogatories, there was a genuine issue of material fact. We do not think that the case is applicable here inasmuch as we are faced, in this instance, with the question of proof and the sufficiency of plaintiff's proof to withstand a directed verdict.
The question then becomes whether or not, under the facts above recited as having been proved by the plaintiff, there was any reasonable view of the evidence under which a jury could find that the jewelry located at the North Miami Avenue residence was located in a dwelling while the insured was temporarily residing therein.
We hold that under any reasonable view of the evidence it could not be said that on the date of the loss, the policyholder was temporarily residing at the North Miami Avenue address. Cf. the reasoning in Bryan v. Granite State Insurance Company, 185 So.2d 310 (La. App. 1966), wherein the court pointed out that a person may not be residing in two residences at the same time and that when time is split between two residences, the policyholder is only residing in the one in which he is occupying at the time of the theft.
The plaintiff's evidence was, at the time of the motion, subject only to one reasonable view and that was that the plaintiff was staying at the Collins Avenue address, which was the premises for which the policy was issued. The language of the policy is clear and unambiguous, and it was the duty of the court to apply it to the facts presented. See Valdes v. Prudence Mutual Casualty Company, 207 So.2d 312 (Fla.3d DCA 1968). It was error for the trial court to deny defendant's motion for directed verdict at the close of plaintiff's case.
Reversed and remanded with directions to enter a directed verdict for the defendant.
Reversed and remanded.
NOTES
[*] Judge Hubbart participated in the decision in this case but did not hear oral argument.