OTT, Chief Judge.
The lower court rendered final summary judgment in favor of appellee finding that certain files of appellee were “in actual use” when a fire occurred and consequently were covered under a fire insurance policy. We reverse.
Appellant issued the policy of fire insurance to appellee, a law firm. The policy contained a valuable papers endorsement which provided:
4. Protection of Valuable Papers and Records. Insurance under this policy shall apply only while valuable papers and records are contained in the premises described above, it being a condition precedent to any right of recovery hereunder that such valuable papers and records shall be kept in the following described receptables at all times when the premises are not open for business, except while such valuable papers and records are in actual use ...:
Steel Cabinets
The endorsement had a $25,000 limit.
A fire occurred in appellee’s office early one Monday morning before the office had opened for business. Files in attorneys’ and secretaries’ offices and not in steel cabinets were destroyed. Appellant denied coverage for the stated reason that appel-lee’s office was not open for business when the fire occurred nor were the files “in actual use” as required by the policy endorsement.
Appellee brought suit seeking a determination of the issue of liability and of the amount of damages sustained. Appellee focused the damages issue on several destroyed bankruptcy files located in partner Lancer’s office when the fire occurred. Lancer testified at deposition that no one was present or working in the office when the fire took place. As a general practice, active or open files, including the bankruptcy files in question, were not placed in steel cabinets at the end of each work day. Only passive or closed files were placed in steel cabinets. The bankruptcy files in question required daily work and were kept either in Lancer’s office or at his secretary’s desk. The cost of reproducing the bankruptcy files would exceed the $25,000 policy limits.
Ultimately, both parties moved for summary judgment, agreeing that the damages incurred exceeded the policy limit and that there were no genuine issues of material fact. Both motions alleged that the only question to be determined was a question of coverage, that being whether the destroyed files were “in actual use” when the fire started.
The phrase “in actual use” is not defined in the policy. Terms in insurance contracts should be given their natural meaning. Ranger Insurance Co. v. Harrell, 286 So.2d 261 (Fla. 2d DCA 1973). If the terms are clear and unambiguous, they are to be taken and understood in their plain, ordinary, and popular sense. Peninsular Life Insurance Co. v. Rosin, 104 So.2d 792 (Fla. 2d DCA 1958). We find no ambiguity in the phrase “in actual use.” The American Heritage Dictionary defines “actual” as “1. in existence; real; factual. 2. being, existing or acting at the present moment.” (Emphasis added.) The American Heritage Dictionary of the English Language 14 (New College Ed.1978). See also Black’s Law Dictionary 33 (5th Ed.1979), for a similar definition. Applying this definition to the case before us, files that Lancer planned or intended to use when he arrived at work were not “in actual use” when the fire occurred.
Apparently, this is the first time the term “in actual use” has been interpreted in Florida. The parties have cited cases from other jurisdictions: United Services Automobile Association v. United States Fire Insurance Co., 36 Cal.App.3d 765, 111 Cal.Rptr. 595 (1974), and Kaletta v. Merchants Mutual Insurance Co., 31 A.D.2d 689, 295 N.Y.S.2d 850 (1968). The court in United Services utilized a definition of “actual use” similar to the one we adopt herein. *596 However, United Services involved interpretation of an automobile liability policy vis-a-vis a homeowner’s policy, and we do not purport to rely on it. Kaletta is also factually distinguishable.
Appellee did not comply with the condition of the valuable papers endorsement requiring files not in actual use to be placed in a steel cabinet when the office was not open for business. Consequently, the trial court should have entered summary judgment in favor of appellant.
REVERSED and REMANDED for further proceedings not inconsistent with this opinion.
BOARDMAN and RYDER, JJ., concur.