Glen HOFF, Plaintiff and Appellant,

v.

MINNESOTA MUTUAL FIRE AND CASUALTY, Defendant and Appellee.

Civ. No. 11237.

Supreme Court of North Dakota.

Dec. 16, 1986.

---

Richie & Associates, Fargo, for plaintiff and appellant; submitted on briefs.

Vogel, Brantner, Kelly, Knutson, Weir & Bye, Fargo, for defendant and appellee; submitted on briefs.

GIERKE, Justice.

Glen Hoff (Hoff) appeals summary judgment granted to Minnesota Mutual Fire and Casualty Insurance Company (Minnesota Mutual). The district court held, as a matter of law, that Hoff was not entitled to compensation under his homeowner's insurance policy for loss sustained due to the theft of personal property from a premises Hoff had rented over the summer. Summary judgment is affirmed.

There are no facts in dispute in this matter. During the summer of 1985, Glen Hoff, along with five others, rented a cottage on Ice Cracking Lake, Minnesota. Hoff was unemployed and divided his time between the lake cottage in Minnesota and a condominium he owned in West Fargo, North Dakota. Hoff testified that he spent half of his time at the lake place and the rest of the week in his West Fargo condominium, which he used as a base for searching for work. Hoff admitted that during the summer, from May 1, 1985 through Labor Day weekend 1985, he divided his time fifty-fifty between the lake cottage and his West Fargo condominium.

Sometime during the week of June 10, 1985, Hoff's scuba gear and portable stereo, valued at $2,175.90, were stolen from the lake cottage. Hoff testified that he had left the lake cottage for West Fargo on either Monday, June 10 or Tuesday, June 11, and the theft was not discovered until Friday, June 14, 1985. Importantly, the theft of Hoff's property occurred sometime during the time period in which Hoff was not staying at the lake cottage and had gone back to his condominium in West Fargo.

Hoff had purchased a "Custom Homeowners Policy—Homeowners 6 Condominium Unit-Owners" insurance policy from Minnesota Mutual, insuring his condominium located in West Fargo, North Dakota. This policy was in effect for the period of May 19, 1985 through May 19, 1986, including the date of the theft of Hoff's property from the cottage located on Ice Cracking Lake, Minnesota. Within this insurance contract, the following provision stated in part:

"SECTION I—PERILS INSURED 
AGAINST

"We insure for direct loss to the property described in Coverage C caused by:

\* \* \* \* \* \*

"9. *Theft*, including attempted theft and loss of property from a known location when it is likely that the property has been stolen.

\* \* \* \* \* \*

This peril does not include loss caused by theft that occurs away from the *residence premises* of:

a. property while at any other residence owned, rented to, or occupied by any *insured*, except while any *insured* is temporarily residing there...."

Hoff filed a claim with Minnesota Mutual for the value of the property stolen from the lake cottage under this exclusionary clause in his insurance policy. Minnesota Mutual denied coverage under the insurance policy, contending that Hoff was not "temporarily residing" at the cottage on the date of the theft. Hoff countered by arguing that since he had rented the cottage on Ice Cracking Lake and lived there over the summer he was "temporarily residing" at the lake cottage and should be indemnified from his loss. Hoff filed an action in district court alleging that Minnesota Mutual had breached its contract with him by denying coverage under the homeowner's policy and in doing so, had acted in bad faith. Hoff prayed for the value of the items stolen, as well as $10,000 in punitive damages. Minnesota Mutual denied Hoff's allegations and made a motion for summary judgment. This motion was granted by the district court and judgment was entered for Minnesota Mutual.

Hoff appeals from the summary judgment, raising three contentions: (1) that the trial court erred by granting Minnesota Mutual's motion for summary judgment in this case; (2) that the homeowner's insurance policy includes ambiguous language and, therefore, the ambiguity should be read in favor of the insured; and (3) that the trial court erred by not awarding Hoff punitive damages for Minnesota Mutual's bad faith handling of his claim.

█ Summary judgment is appropriate when there no longer is any dispute as to the salient facts involved in the matter and only a question of law needs to be decided. This permits prompt disposition of a case on its merits without a trial. *Aid Insurance Services, Inc. v. Geiger*, 294 N.W.2d 411, 413 (N.D.1980). In the instant case, the parties' dispute centers around the construction and interpretation of an exclusionary clause within an insurance policy. This is a question of law for which summary judgment was the proper method of disposition. On appeal, this Court will examine the disputed contract provision in the insurance policy and review whether the district court's interpretation of the exclusionary contract clause was in error.

Hoff contends that the language involved in the insurance policy, specifically, "... except while any insured is temporarily residing there," creates an ambiguity which should be interpreted to impose liability on the insurer. We disagree.

█ The quoted policy language provides coverage only to an insured who is temporarily residing at a premises, other than the one named in the insurance policy, when the loss occurs. The meaning of this exclusionary clause is plain and we will not engage in semantic arguments to create an ambiguity in a contract provision where none exists.

On those days in which Hoff was staying at the cottage on Ice Cracking Lake, he was indemnified by his homeowner's insurance policy since during these periods Hoff was "temporarily residing" there. Although such an exclusionary provision would not require Hoff to be physically present at the cottage at the time of the theft, present use of the cottage on the date of the theft would be necessary in order to recover any losses under the insurance policy. This is not the situation involved in this case. In the instant case, Hoff admitted that he had gone into West Fargo and was staying in his condominium at the time of the theft. Since it is impossible for one to "reside" in two places at the

same time, and by his own admission Hoff was "residing" in his condominium in West Fargo when the theft occurred, he could not have been "temporarily residing" at the cottage and was not protected by the provisions of his insurance policy.

The purpose of a homeowner's insurance policy is to provide indemnification to an insured for damage to property occurring at a described premises and the contents located therein, not to protect the insured against the increased risks endemic with an unattended domicile in which the insured may have some property. 10A Rhodes, *Couch on Insurance* §§ 42:122–123, 42:128, 42:540, 42:552–553 (2d ed. 1982 and Supp.1986). This analysis recognizes the rationale behind exclusionary clauses. Risk of theft in an unattended or abandoned premises is appreciably greater than in a residence in which, although no one may be actually physically present all the time, someone is constantly in and out, thereby deterring the possibility of theft. *Couch, supra.* An abandoned or unattended domicile is much more susceptible to theft. An insurer should not be liable for losses sustained at an unattended premises under a contract designed to protect a residence which is used all the time. Accordingly, because Hoff was not temporarily residing at the lake cottage when the theft took place, the lower court held that his loss was not covered by the exclusionary provision in his insurance contract.

Although there is no North Dakota case law on point, we find persuasive the opinions from other jurisdictions which have construed insurance policies with exclusionary clauses worded almost identically to the one interpreted in this case. *See, e.g., Foster v. Blue Ridge Insurance Co.,* 377 So.2d 500 (La.Ct.App.1979) (insured's claim permitted because it was determined that he was temporarily residing at the camp when the theft occurred); *Allstate Insurance Co. v. Gordon,* 364 So.2d 44 (Fla.App.

1978) (jury verdict reversed since insured was not residing at the premises when the theft occurred); *Heuer v. New Jersey Manufacturers Insurance Co.,* 127 N.J.Super. 80, 316 A.2d 74 (1974) (claim for loss denied because insured was not residing in the domicile at the time of the theft); *Springman v. Pacific Insurance Company of New York,* 5 Ill.App.3d 604, 283 N.E.2d 716 (1972) (trial court verdict reversed because the insureds were not temporarily residing at a seasonal dwelling when the thefts occurred); *Reiner v. St. Paul Fire & Marine Insurance Co.,* 106 Ill.App.2d 210, 245 N.E.2d 655 (1969) (insured student's loss not covered since insured had moved home from college for the summer and was no longer residing in her college apartment when her property was taken); *Vanguard Insurance Co. v. Stanfield,* 442 S.W.2d 488 (Tex.Civ.App.1969) (bench verdict for insured reversed because insured not temporarily residing in premises when theft took place); *Bryan v. Granite State Insurance Co.,* 185 So.2d 310 (La.Ct.App.1966) (insureds denied coverage for items taken from an apartment since they were not temporarily residing in the apartment at the time it was burglarized); *Allstate Insurance Co. v. Walker,* 111 Ga.App. 120, 140 S.E.2d 910 (1965) (court held that a house trailer belonging to insured but not identified in the insurance policy is a dwelling excluded from coverage under the insurance contract); and *Utica Mutual Insurance Co. v. Barber,* 41 Ala.App. 552, 139 So.2d 126 (1962) (court reversed verdict for insured holding coverage was not extended to seasonal Florida residence for loss due to theft because no one was temporarily residing in the house at time of loss). It is readily apparent from the weight of authority that the language "while the insured is temporarily residing there" requires not occasional use but present use or occupancy at the time of the loss.[1]

---

**1.** Hoff offers several cases in support of his position that his losses are covered under the insurance policy. All of these cases are easily distinguishable either because they involve an insurance policy with an exclusionary clause with clearly different language than presented in this case [*see, e.g., Kaletta v. Merchants Mutual Insurance Co.,* 31 A.D.2d 689, 692, 295 N.Y. S.2d 850, 852 (1968), and *Chalmers v. Oregon Automobile Insurance Co.,* 262 Or. 504, 505, 500

Because Minnesota Mutual properly withheld coverage for Hoff's loss under the insurance contract, we need not address the merits of his contention that he is entitled to punitive damages. The district court's interpretation of the insurance contract exclusionary clause involved in this policy was the correct one and it was not error to grant summary judgment to Minnesota Mutual.

Affirmed.

ERICKSTAD, C.J., MESCHKE and VANDE WALLE, JJ., and PEDERSON, Surrogate Justice, concur.

PEDERSON, Surrogate Justice, sitting in place of LEVINE, J., disqualified.

P.2d 258, 259 (1972) ], or the cases involve clearly different factual circumstances [see, e.g., *Sanders v. Nationwide Mutual Fire Insurance*

*Co.,* 20 N.C.App. 691, 202 S.E.2d 477 (1974); *but see Winsor v. Hartford Fire Insurance Co.,* 6 Kan.App.2d 397, 628 P.2d 1076 (1981) ].