**CENTRE INSURANCE COMPANY,**
**Plaintiff,**

v.

**Jeffrey BLAKE, Philip & Lisa M. Escarraz, as Parents and Natural Guardians of Ashley Escarraz a minor, Defendants.**

**No. A2–04–55.**

United States District Court,
D. North Dakota,
Northeastern Division.

May 2, 2005.

Bradley Allen Meyer, Zimney, Foster, Johnson, Dittus & Flaten, Grand Forks, ND, for Plaintiff.

Gordon W. Myerchin, Camrud, Maddock, Olson & Larson, Ltd, Richard A. Clapp, Pearson Christensen, Grand Forks, ND, for Defendant.

ERICKSON, District Judge.

Before the Court is Plaintiff's motion for summary judgment (doc. # 15). Plaintiff seeks a declaration that the homeowners policy purchased by Jeffrey Blake does not provide coverage for the injuries sustained by Ashley Escarraz, a minor visiting the rental property. Defendant Blake filed a brief in response, arguing the policy is ambiguous because "reside" is not defined in the policy. Defendant also argues summary judgment should not be granted until additional discovery can be completed. A hearing was held on Thursday, April 7, 2005, during which the Court took these issues under advisement. This memorandum opinion and order follows.

I. Summary of Decision

Because Defendant Blake has failed to carry his burden of showing additional time to conduct discovery is warranted under Rule 56(f), Fed.R.Civ.P., Defendant's request to postpone a ruling on the motion for summary judgment is denied. According to the plain language of the homeowners policy, the insured must reside at the insured premises at the time of the loss. Since the terms in the policy are unambiguous and Defendant Blake no longer resided at the insured premises at

the time of Ashley Escarraz's injury, Plaintiff's motion for summary judgment is GRANTED.

## II. Background

On March 30, 2001, Jeffrey Blake purchased a duplex located at 1505–1507 Rider Road in Grand Forks, North Dakota. At this same time, Blake also purchased a Centre Insurance Company Homeowners Policy through Securian Financial Network. When Blake purchased the homeowners policy, he intended to reside in one of the two units.

Blake began residing at 1505 Rider Road in April 2001, while the other half of the duplex, 1507 Rider Road, was rented out. In late August 2002, Blake moved out of the duplex at 1505 Rider Road and began living on 4th Avenue North in Grand Forks. Blake continued to own and rent out the duplex at 1505–1507 Rider Road; however, he did not inform Centre Insurance Company that he had moved out. Centre Insurance Company did not insure Blake's new residence at 4th Avenue North.

On June 7, 2003, Ashley Escarraz was visiting her aunt, a tenant at 1507 Rider Road. While on the premises at 1507 Rider Road, Ashley was injured as she climbed a railing on the back porch. Although Blake stored personal property on the premises and maintained the premises as the landlord, Blake did not live at either 1505 or 1507 Rider Road at the time of Ashley's injury. Following notification of the accident, Centre Insurance Company cancelled the policy because Blake no longer resided on the property and refunded the premiums back to the date it was put on notice that Blake no longer resided at the insured property.

Centre Insurance Company has filed this declaratory judgment action to determine whether the policy unambiguously excludes coverage for Ashley's injuries.

Defendants oppose Plaintiff's motion for summary judgment and Defendant Blake argues this case in not yet ripe for summary judgment because he needs additional time to conduct discovery.

## III. Analysis

### A. Discovery

Defendant Blake argues Plaintiff's motion for summary judgment should be continued because he has not had adequate time to conduct discovery. In contrast, Plaintiff argues Blake has failed to meet his burden of showing he is entitled to additional time under Fed.R.Civ.P. 56(f), and even if additional time is granted, Blake has failed to explain how the proposed depositions would affect the motion for summary judgment.

■ "Although a district court is required to give the parties ample time to conduct discovery, Rule 56(c)[, Fed.R.Civ. P.,] does not require the completion of all discovery before a court may enter summary judgment." *Roark v. City of Hazen,* 189 F.3d 758, 762 (8th Cir.1999). Rule 56(f) of the Federal Rules of Civil Procedure allows a party opposing summary judgment to seek a continuance and postpone a summary judgment decision until adequate discovery has been completed. *Id.* However, a party seeking a continuance on a summary judgment motion is required to file an affidavit with the district court showing what specific facts further discovery might uncover. *Id.*

■ In this case, the scheduling/discovery plan approved by the Court on July 20, 2004, set out a deadline of February 1, 2005, to complete fact discovery and to file discovery motions. Plaintiff filed its motion for summary judgment on February 7, 2005. Defendant Blake did not ask for an extension of time to complete discovery prior to the deadline approved by the

Court. Instead, Defendant argues in his brief in opposition to the motion for summary judgment that a decision should be postponed because he has not had an opportunity to depose Centre Insurance Company employees or its agent(s) due to lack of information regarding their identities. However, the identity of the individuals Defendant would like to depose is not known now, a year after the case was filed, and might never be known. Further, it is unclear if any of these individuals have the authority to bind Plaintiff.

Moreover, this is a declaratory judgment action in which the dispositive issue is the interpretation of the insurance policy. The interpretation of the policy is a question of law for the Court to decide. *Fisher v. American Family Mut. Ins. Co.*, 579 N.W.2d 599, 602 (N.D.1998). Defendant Blake testified during his deposition that he had no reason to believe his insurance agent provided him the wrong type of coverage for his property at 1505–1507 Rider Road. Defendant has failed to articulate what specific information he would still like to obtain and how it would affect the Court's interpretation of the policy. Defendant merely states he would like "to conduct discovery to develop information essential to his position." If a party seeking to postpone a ruling on a motion for summary judgment fails to carry its burden of showing that its request is meritorious and additional time to conduct discovery is warranted, postponing a decision on the summary judgment motion is unjustified. *Doyle–Oswald v. Mack Trucks, Inc.*, 169 F.Supp.2d 1100, 1102 (D.Minn.2001). The Court finds Defendant Blake has not shown he has had inadequate time to conduct discovery and he has failed to carry his burden of explaining what specific facts further discovery might uncover to warrant postponing the motion for summary judgment. Thus, Defendant's request for additional time to conduct discovery is denied.

**B. Motion for Summary Judgment**

Summary judgment is appropriate when the moving party establishes there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett, 477 U.S. 317, 322–23, 106 S.Ct. 2548, 91 L.Ed.2d 265* (1986) "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." *Mansker v. TMG Life Ins. Co.*, 54 F.3d 1322, 1326 (8th Cir.1995) (citations omitted).

When federal jurisdiction is based on diversity, the court is to apply state substantive law and federal procedural law. *Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).* An insurance policy is a contract and as such is governed by contract law. *Aid Ins. Serv., Inc. v. Geiger,* 294 N.W.2d 411, 414 (N.D. 1980). Because contract interpretation is a substantive matter, North Dakota law applies to the interpretation of the insurance policy. See *Western Cas. & Sur. Co. v. Southwestern Bell Tel. Co.*, 396 F.2d 351, 352 (8th Cir.1968) (citing *City of Poplar Bluff v. New Amsterdam Cas. Co.*, 386 F.2d 172, 173 (8th Cir.1967)); see also *Nat'l Union Fire Ins. Co. v. Terra Indus., Inc.*, 346 F.3d 1160, 1164 (8th Cir.2003) (state law governs the interpretation of insurance policies).

▇▇▇ The interpretation of an insurance policy, including whether it is ambiguous, is a question of law. *Fisher v. American Family Mut. Ins. Co.*, 579 N.W.2d 599, 602 (N.D.1998). With respect to the interpretation of insurance contracts, the North Dakota Supreme Court has explained:

A term in an insurance policy should be construed to mean what a reasonable person in the position of the insured would think it meant. Limitations or

exclusions from broad coverage must be clear and explicit. When the language of an insurance policy is clear and explicit, the language should not be strained in order to impose liability on the insurer. However, any ambiguity or reasonable doubt as to the meaning of the insurance policy is strictly construed against the insurer and in favor of the insured. If the language in an insurance contract will support an interpretation which will impose liability on the insurer and one which will not, the former interpretation will be adopted. Exclusions from broad coverage in an insurance policy are strictly construed against the insurer. An exception to an exclusion from broad coverage results in coverage.

*Fisher,* 579 N.W.2d at 602.

When interpreting a contract, a court should look first to the language of the insurance policy. *Landis v. CNA Ins.,* 589 N.W.2d 590, 592 (N.D.1999). Where the language of the policy, interpreted as a whole, is clear on its face, there is no room for construction. *Id.* Under North Dakota law, an insurance policy is ambiguous "when reasonable arguments can be made in support of different positions as to its meaning." *State Farm Fire & Cas. Co. v. Sigman,* 508 N.W.2d 323, 325 (N.D.1993). Where terms are unambiguous, however, they should be given their plain and ordinary meaning. *Thedin v. United States Fid. & Guar. Ins. Co.,* 518 N.W.2d 703, 706 (N.D.1994). Failure to define a term in an insurance policy does not necessarily make it ambiguous. *Center Mut. Ins. Co. v. Thompson,* 618 N.W.2d 505, 510 (N.D. 2000). When an insurance policy fails to define a term, the court will often turn to the dictionary to determine the plain, ordinary meaning of that term. *Dundee Mut. Ins. Co. v. Marifjeren,* 587 N.W.2d 191, 194 (N.D.1998).

In this case, the Homeowners Policy provides liability coverage for a claim or suit brought against an "insured" for damages because of "bodily injury" or "property damage" caused by an occurrence. (Complaint, Exh. A, pg. 16 of 22). The insurance policy further provides that the insurer will pay necessary medical expenses from an accident causing "bodily injury" incurred to a person on the "insured location" with the permission of an "insured." (*Id.*) However, coverage for personal liability and for payment of medical expenses is subject to the following exclusion:

4. "Insured's" Premises Not An "Insured Location"

"Bodily injury" or "property damage" arising out of a premises:

a. Owned by an "insured";

b. Rented to an "insured"; or

c. Rented to others by an "insured"; that is not an "insured location."

(Policy, pg. 18 of 22).

The following relevant definitions are applicable:

6. "Insured location" means:

a. The "residence premises";

b. The part of other premises, other structures and grounds used by you as a residence; and

(1) which is shown in the Declarations; or

(2) which is acquired by you during the policy period for your use as a residence.

c. Any premises used by you in connection with a premises described in a. and b. above; . . .

11. "Residence premises" means:

a. The one family dwelling where you reside;

b. The two, three or four family dwelling where you reside in at least one of the family units; or

c. That part of any other building where you reside; and which is shown as the "residence· premises" in the Declarations.

"Residence premises" also includes other structures and grounds at that location.

(Policy, pg. 2 of 22).

Coverage in this case is predicated on two separate requirements: (1) the insured must reside at the insured premises; and (2) the premises must be listed in the declarations section. *Heniser v. Frankenmuth Mut. Ins. Co.*, 449 Mich. 155, 534 N.W.2d 502, 510 (1995); *Epps v. Nicholson*, 187 Ga.App. 246, 370 S.E.2d 13, 14 (1988). The Declarations section of Blake's homeowners policy indicates 1505–1507 Rider Road is the insured location. Thus, the dispute in this case centers around the first requirement, that is whether the insured resided at the insured premises. Defendants contend the insurance policy is ambiguous because the term "reside" is not defined and could include temporary, frequent visits by a landlord.

In support of his argument that the term "reside" is ambiguous, Defendant cite two cases from Illinois. In the first case, *FBS Mortgage Corp. v. State Farm Fire & Cas. Co.*, 833 F.Supp. 688, 689 (N.D.Ill. 1993), the insured was arrested and subsequently incarcerated. The insured made arrangements for other persons to be in charge of maintaining the premises while he was in jail. *Id.* at 690–91. While the homeowners policy was in effect, the insured premises was completely destroyed by fire. *Id.* at 690. State Farm argued that the insured premises did not constitute "residence premises" because the named insured did not "reside" there during the eight month period before the fire. *Id.* at 692. The court noted that the insured put other people in charge of the premises while he was incarcerated and it was "difficult to conceive of any other steps that [the insured] might have taken

to maintain a physical stake in the Insured Premises during his incarceration." *Id.* at 694. The court further explained that an inmate's technical legal residence does not necessarily change during a period of incarceration. *Id.* at 694. The court concluded that the definition of "residence premises" was ambiguous because it did not address whether an involuntary, eight-month absence from· the insured premises was grounds for denying coverage. *Id.* at 693.

In the second case cited by Defendant, *Lundquist v. Allstate Ins. Co.*, 314 Ill. App.3d 240, 247 Ill.Dec. 572, 732 N.E.2d 627 (2000), the court relied on FBS Mortgage Corp., and concluded that the term "reside" is ambiguous in a situation where the insured was selling his house, moved to a different house, but had not relinquished his right to reside in the house and had returned to the home on several occasions and stayed overnight at least once. *Lundquist*, 247 Ill.Dec. 572, 732 N.E.2d at 632. The court explained that under Illinois law a person may reside in a particular location without being continuously present and may have more than one residence. *Id.* at 633.

In contrast, other courts that have considered whether the terms "residence" or "reside" in an insurance policy are ambiguous, have concluded there is no ambiguity as to the meaning of these terms. See *Heniser v. Frankenmuth Mut. Ins. Co.*, 449 Mich. 155, 534 N.W.2d 502, 506–10 (1995) (noting the general definition of "reside" requires actual occupancy and the policy is clear that if the insured did not reside at the insured property at the time of the loss, the property is not "residence premises."); *Shepard v. Keystone Ins. Co.*, 743 F.Supp. 429, 430–31 (D.Md.1990) (finding no ambiguity as to the meaning of the terms "residence" or "reside;" as employed throughout the policy, the terms clearly

refer to a place that is occupied by the insured as a dwelling place or home, at least on a temporary basis); *Epps v. Nicholson*, 187 Ga.App. 246, 370 S.E.2d 13 (1988) (determining no ambiguity in the policy and rental house clearly does not meet the requirement that the dwelling must be the place where the insured resides).

Furthermore, the North Dakota Supreme Court has addressed whether the term "temporarily residing" in an insurance policy creates an ambiguity which should be interpreted to impose liability on the insurer. *Hoff v. Minnesota Mut. Fire & Cas.*, 398 N.W.2d 123, 125 (N.D.1986). In *Hoff*, the insured rented a lake cottage in Minnesota for the summer and also owned a condominium in West Fargo. *Id.* at 124. While the insured was at his condominium, property was stolen from the lake cottage. *Id.* The trial court granted the insurance company's motion for summary judgment, determining that the insured was not entitled to compensation under his homeowners insurance policy for loss sustained because of theft of personal property from a premises the insured rented over the summer when he was not residing at the premises.

The North Dakota Supreme Court concluded that the language "... except while any insured is temporarily residing there," is plain and refused to engage in semantic arguments to create an ambiguity in a contract provision where none exists. *Id.* The Supreme Court stated: "Since it is impossible for one to 'reside' in two places at the same time, and by [the insured's] own admission [he] was 'residing' in his condominium in West Fargo when the theft occurred, he could not have been 'temporarily residing' at the cottage and was not protected by the provisions of his insurance policy." *Id.* at 126.

The Court finds the facts present in this case are distinguishable from the facts in FBS Mortgage Corp., where the insured was incarcerated, and Lundquist, where the insured was selling his house but returned to the house and stayed overnight at least once. In this case, Blake voluntarily moved out of the insured premises and began renting out both 1505 and 1507 Rider Road at the end of August 2002. Although Blake might have stored some personal items on the premises and made repairs on the property as the landlord, Blake did nothing to show that he intended to maintain the property at Rider Road as his residence once he moved out. The homeowners policy limited coverage to the residence premises. The applicable provision regarding residence premises in this case includes a two, three, or four family dwelling where the insured "resides" in at least one of the family units.

When an insurance policy fails to define a term, the court will often turn to the dictionary to determine the plain, ordinary meaning of that term. *Dundee Mut. Ins. Co. v. Marifjeren*, 587 N.W.2d 191, 194 (N.D.1998). The plain and ordinary meaning of reside is "to dwell permanently or for a considerable time." Webster's Unabridged Dictionary (2d ed. 1997); see *Heniser*, 534 N.W.2d at 510 (stating the term "reside" is clear to most laypersons and the general definition requires actual occupancy). By his own statements, Blake was no longer "residing" at the insured location when the injury occurred. Blake's answers to questions posed to him during his deposition demonstrate that he understood "reside" to have the plain and ordinary meaning of the place where he lived or dwelled permanently:

Q. Prior to September 30 of 2004, where did you reside?

A. 2220 4th Avenue North in Grand Forks.

. . .

Q. And where did you reside prior to 2220 4th Avenue North?

A. 1505 Rider Road.

. . .

Q. After you purchased 1505 Rider Road and 1507 Rider Road, you resided at 1505 Rider Road for a period of time. Is that correct?

A. Yes.

Q. When did you move into 1505 Rider Road?

A. As soon as I took possession, which would have been April of 2001.

Q. And then you stopped residing at 1505 Rider Road in, at the end of August of 2002. Is that correct?

A. That's correct.

. . .

Q. Since the end of August 2002, when you moved out of 1505 Rider Road, have you ever resided at either 1505 Rider Road or 1507 Rider Road?

A. No, I haven't.

(Blake depo. pgs. 9–13)

To require the insurance company to provide coverage for property not used as the insured's residence premises would constitute an extension of liability where none previously existed. *Shepard v. Keystone Ins. Co.,* 743 F.Supp. 429, 433 (D.Md. 1990). According to the plain language of the homeowners policy at issue, the insured must reside at the insured premises for there to be coverage. Because Blake did not reside at the insured location at the time of the accident, coverage is excluded and Plaintiff is entitled to summary judgment relieving it of its duties to defend and indemnify Blake and to pay for Ashley Escarraz's medical expenses.

IV. Conclusion

Because Defendant Blake failed to carry his burden of showing additional time to conduct discovery is warranted under Rule 56(f), Fed.R.Civ.P., Defendant's request to postpone a ruling on the motion for sum-

mary judgment is denied. Since the terms in the homeowners policy are unambiguous and Defendant Blake no longer resided at the insured premises at the time of Ashley Escarraz's injury, Plaintiff's motion for summary judgment is GRANTED.

IT IS SO ORDERED.